UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

KOREANA MARIE CAMPFIELD,

                         Plaintiff,

    -against-                                    5:21-CV-0464 (LEK/ATB)

COMMISSIONER OF SOCIAL
SECURITY,

                         Defendant.

**MEMORANDUM-DECISION AND ORDER**

Plaintiff Koreana Marie Campfield commenced this action on April 23, 2021, seeking review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") for lack of disability. Dkt. No. 1 ("Complaint") at 1. On August 8, 2022, the Honorable Andrew T. Baxter, United States Magistrate Judge, recommended that this Court affirm the decision of the Commissioner and dismiss this action in its entirety. Dkt. No. 21 ("Report-Recommendation") at 23. Plaintiff objected to the Report-Recommendation, Dkt. No. 22 ("Plaintiff's Objections"); and Defendant responded, Dkt. No. 23 ("Defendant's Response"). For the reasons set forth below, the Court adopts the Magistrate Judge's Recommendation-Report in its entirety.

**I.    BACKGROUND**

On December 15, 2015, Plaintiff filed an application for SSI. Dkt. No. 11, Administrative Transcript ("Tr.") at 118. She alleged that she became disabled on August 12, 2010. Id. at 268–75. Plaintiff's application was initially denied on March 4, 2016. Id. at 118. Thereafter, Plaintiff timely requested a hearing which was held on March 22, 2018, before Administrative Law Judge ("ALJ") Bruce Fein. Id. at 57–93. In a decision dated April 27, 2018, the ALJ determined that

Plaintiff was not disabled under the Social Security Act. Id. at 133–42. On November 29, 2019, the Social Security Disability Appeals Council ("Appeals Council") vacated ALJ Fein's decision and remanded the action for a new hearing before a different ALJ, with instructions for reevaluating the evidence. Id. at 150–52.[1]

Plaintiff's rehearing occurred by telephone conference before ALJ John Ramos on May 14, 2020, at which Plaintiff and a vocational expert ("VE") testified. Id. at 881–919. In a decision dated June 3, 2020, ALJ Ramos determined that Plaintiff was not disabled under the Social Security Act. Id. at 10–19. On February 19, 2021, the Appeals Council denied Plaintiff's request for review, making ALJ Ramos's decision the final decision of the Commissioner. Id. at 1–5.

A. ALJ Ramos's Decision

In his decision denying Plaintiff's application, ALJ Ramos applied the standard five-step analysis for evaluating disability claims under the Social Security Act. Tr. at 11 ("Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled[.]" (citing 20 C.F.R §§ 404.1520(a) and 416.920(a)). ALJ Ramos first found that Plaintiff had not engaged in substantial gainful activity since her application date of December 15, 2015. Tr. at 12. Next, ALJ Ramos found that Plaintiff had the following severe impairments: bipolar disorder, obesity,

---

[1] The Appeals Council directed the new ALJ to: (1) obtain evidence from a medical expert, relating to the nature, severity, and functional limitations resulting from Plaintiff's impairments; (2) "give further consideration to [Plaintiff's] maximum [RFC] during the entire period at issue and provide rationale with specific evidence . . . (3) evaluate the treating and non-treating sources in accordance with the regulations, and explain the weight given to each, obtaining additional evidence as appropriate; and (4) obtain evidence from a vocational expert to clarify the effect of Plaintiff's limitations on the occupational base, properly resolving any conflicts between the vocational testimony and the Dictionary of Occupational Titles." (Tr. at 150-151).

borderline personality disorder, asthma, panic disorder, and social anxiety disorder. Id. ALJ Ramos then found that Plaintiff lacks an impairment or a combination of impairments that meet or medically equal the severity of a listed impairment. Id. at 13–14. ALJ Ramos then found that Plaintiff could perform light work subject to limitations. Id. at 14–17. Finally, ALJ Ramos determined that Plaintiff could perform work which existed in significant numbers in the national economy. Id. at 17–18. Thus, ALJ Ramos concluded that Plaintiff is not disabled. Id. at 18.

### B. The Present Action

On April 23, 2021, Plaintiff commenced suit in this Court to challenge ALJ Ramos's determinations. After the Court received the administrative record in full, Dkt. No. 11, Plaintiff filed a motion for judgment on the pleadings in support of her position that ALJ Ramos's decision was not supported by substantial evidence. Dkt. No. 16.[2] Plaintiff specifically raised two arguments: (1) ALJ Ramos "failed to sufficiently consider" the medical source statement ("MSS") authored by Plaintiff's treating provider Nurse Practitioner ("NP") Melinda Myers, Pl.'s Br. at 9–11; and (2) ALJ Ramos failed to develop the record regarding Plaintiff's residual functional capacity ("RFC"). Pl.'s Br.'s at 11–12. Defendant, in response, filed a motion for judgment on the pleadings, and argued that ALJ Ramos's decision was supported by substantial evidence, and that the Complaint should be dismissed. Def.'s Br. at 3–10.

### C. The Report-Recommendation

After considering the parties' briefing, the Magistrate Judge recommended that Defendant's motion for judgment on the pleadings be granted, and the matter be dismissed in its entirety. The Magistrate Judge began his analysis by addressing Plaintiff's argument that the ALJ

---

[2] Both parties field briefs, which the Court treats as motions under Federal Rule of Civil Procedure 12(c) in accordance with General Order #18.

failed to give proper weight to the MSS completed by NP Myers on February 22, 2018. See R. & R. at 13. The Magistrate Judge observed NP Myers concluded that Plaintiff:

> [W]ould be seriously limited but not precluded in all circumstances in "(1) maintaining regular attendance and being punctual within customary and usually strict tolerances; (2) working in coordination or proximity to others, without being unduly distracted; (3) completing a normal workday and workweek without interruptions from psychologically-based symptoms; (4) dealing with normal work stress; (5) maintaining socially-appropriate behavior, and (6) using public transportation.

R. & R. at 12 (quoting Tr. at 730). NP Myers also stated that Plaintiff "exhibits the inability to adapt to ordinary stress or changes in environment" and that it was difficult to determine whether drugs or alcohol were contributing factors "material to the determination of disability" because "[Plaintiff] has ongoing cannabis abuse." R. & R. at 14 (quoting Tr. at 733). The MSS was co-signed by Dr. David Kang, MD, but Dr. Kang noted that he was a non-treating physician, and his signature was supervisory only. R. & R. at 14 (citing Tr. at 733).

Additionally, the Magistrate Judge explained that the ALJ gave little weigh to NP Myers's MSS because:

> [T]he opinion noted a "good prognosis" with medication management and continued psychotherapy; the plaintiff's providers failed to properly assess her ongoing use of marijuana and her history of marijuana and alcohol abuse; the opinions are inconsistent with other clinical findings of record, indicating normal mood, affect, speech, and behavior; and the opinions are inconsistent with plaintiff's activities of daily living, including shopping, using a computer, socializing, providing extensive child care, preparing simple meals, and managing her other household chores.

R&R at 15.

The Magistrate Judge also recounted that the ALJ gave great weight to the opinions of T. Harding, Ph.D., a non-examining state agency consultant, and Dr. Jeanine Shapiro, Ph.D., an examining consultative source. R. & R. at 16. The Magistrate Judge noted that Dr. Shapiro found

that Plaintiff's demeanor and responsiveness to questions were adequate, and that Plaintiff was able to do simple calculations and had "intact" concentration, memory, and attention. Id. The ALJ concluded that Dr. Shapiro's assessment was "consistent with other medical records assessing normal mood, normal affect, and normal behavior." Id. (quotations omitted).

The Magistrate Judge next discussed that the ALJ found that "Dr. Harding reviewed the record and found that plaintiff could perform 'unskilled work' based upon his finding that plaintiff had **moderate** limitations in her ability to maintain attention and concentration for extended periods." Id. at 17 (emphasis in original). Similarly, the Magistrate Judge observed that assessments completed by Plaintiff's counselors concluded that Plaintiff had ongoing anger outbursts, in part because Plaintiff was not taking her medication, and because Plaintiff was using cannabis. Id. Additionally, the Magistrate Judge recounted that another treating therapist reported that Plaintiff had no more than "moderate limitations" in any of her abilities. Id.

From this evidence, the Magistrate Judge found that the moderate mental limitations Plaintiff has, have been held to be consistent with the ability to perform unskilled work. Id. at 20 (citing Whipple v. Astrue, 479 F. App'x 367, 370 (2d Cir. 2012)). The Magistrate Judge then found that the ALJ incorporated substantial restrictions into Plaintiff's RFC, which accounted for her mental limitations; the RFC limited Plaintiff to simple, routine, and repetitive tasks, in a work environment free of fast paced production requirements, with few, if any workplace changes. R. & R. at 22. Additionally, the Magistrate Judge concluded that the ALJ was entitled to weigh the conflicting evidence and "make an RFC finding that [is] consistent with the record as a whole." Id. The Magistrate Judge thus concluded that "the ALJ's analysis of NP Myers's MSS is supported by substantial evidence." Id.

The Magistrate Judge then addressed Plaintiff's argument that the ALJ failed to develop the record because the ALJ should have obtained "further guidance" before affording minimal weight to NP Myers's opinion. Id. at 23. The Magistrate Judge, however, determined that the ALJ properly developed the record because "while it is true that there was conflicting evidence in the record, there were no 'obvious' gaps in treatment, and the ALJ had sufficient evidence to formulate his RFC." Id.

### D. Plaintiff's Objections and Defendant's Response

Plaintiff objected to the Report-Recommendation on August 22, 2022, Pl.'s Obj., asserting that the "ALJ failed to consider supportive evidence and failed to consider the nature of [Plaintiff's] bipolar disorder itself." Id. at 1–2. She also reiterated her argument that the ALJ failed to develop the record. Id. at 3. Defendant responded on August 25, 2022, arguing that Plaintiff cited no evidence of record showing Plaintiff's bipolar disorder caused noncompliance with her treatment or her abuse of marijuana, and alternatively, that the Magistrate Judge actually addressed this argument. Def.'s Resp. at 2–3. Defendant also stated that the Magistrate Judge already addressed Plaintiff's other argument regarding the ALJ's failure to develop the record. Id. at 5.

## II. STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b). If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration

of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error.³ Barnes v. Prack, No. 11-CV-857, 2013 WL 1121353, at *1 (N.D.N.Y. Mar. 18, 2013). "Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance." Timothy B. v. Comm'r of Soc. Sec., No. 17-CV-0399, 2018 WL 3853999, at *1 (N.D.N.Y. Aug. 14, 2018) (citing Zhao v. State Univ. of N.Y., No. 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011)). After reviewing the record, "[a] district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).

### III. DISCUSSION

Plaintiff objects to the Magistrate Judge's recommendation to dismiss this action, and argues that the Magistrate Judge failed to respond to her claim that her marijuana use was a symptom of bipolar disorder. Obj. at 3. Id. at 1–2. As a result, Plaintiff argues that the ALJ failed to consider supportive evidence "and failed to consider the nature of bipolar disorder itself." Id. Plaintiff also argues that the ALJ did not sufficiently develop the record with opinion evidence because the ALJ allegedly ignored Plaintiff's citation to Craig R. v. Berryhill, No. 18-CV-0630, 2019 WL 4415531, at *5 (N.D.N.Y. Sept. 16, 2019) (Kahn, J.), which Plaintiff claims stands for the proposition that "when compiling an RFC from the record, an ALJ may not rely on opinions that employ the terms 'moderate' and 'mild' absent additional information." Id. at 3. Thus, Defendant has lodged two specific objections to portions of the Report-Recommendation, which the Court reviews de novo. For the reasons that follow, both objections fail.

---

³ Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Federal Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019).

### A. Objection Regarding the ALJ's Failure to Consider Supportive Evidence and the Nature of Bipolar Disorder

Plaintiff argues that the Magistrate Judge erred by concluding that the ALJ correctly evaluated the opinion evidence, "especially as to the ALJ's considering treatment compliance as an underlying factor in the evaluation of the opinion evidence." Obj. at 1. As a result—Plaintiff argues—the ALJ failed to consider the nature of bipolar disorder, because "noncompliance with treatment is a common feature of bipolar disorder and a feature with which medical professionals struggle to modify." Id. at 2. Thus, Plaintiff argues: "A proper analysis of NP Myers's opinion (noting consistent evidence, treating status, and other relevant evidence—here the nature of bipolar disorder) supports disability under SSR 85-15." Pl.'s Br. at 13. Plaintiff cites to four articles that purport to explain the nature of bipolar disorder. Obj. at 1–2.

However, these articles do not appear in the Administrative Transcript, and thus the ALJ could not have relied upon them. See generally Tr. "Plaintiff ignores the fact that [s]he has the burden of showing limitations beyond those described in the RFC." Robert L. v. Saul, No. 8:19-CV-415, 2020 WL 1689886, *10 (N.D.N.Y. Apr. 7, 2020) (emphasis added). Even assuming *arguendo* that the four articles described by Plaintiff appeared in the Transcript, the ALJ concluded—based on evidence in the Transcript—that Plaintiff failed to take her medication "because of her pregnancy," not because of a supposed failure to understand the nature of bipolar disorder. R. & R. at 18, Tr. at 729, 758. Additionally, the Magistrate Judge noted that the ALJ found that Plaintiff was noncompliant with her medication, not because of a failure to consider the nature of bipolar disorder, but rather because Plaintiff often ran out of her medications and failed to "refill them for several months." R. & R. at 21 (citing Tr. at 729).

Additionally, Plaintiff only points to her diagnosis of bipolar disorder as a reason for her non-compliance. Obj. at 1–3. However, "it is well-settled that a mere diagnosis, does not

8

necessarily support a finding of limitations in a claimant's RFC." Tanya W. v. Berryhill, No. 3:17-CV-0624, 2019 WL 315057, at *5 (N.D.N.Y. Jan 22, 2019). Thus, the Court finds that the Magistrate Judge did not err in evaluating Plaintiff's supportive evidence. Accordingly, the Magistrate Judge correctly found that the ALJ's decision was supported by substantial evidence, and therefore remand is not warranted.

### B. Objection Regarding the ALJ's Failure to Develop the Record

Plaintiff also argues that the Magistrate Judge failed to address the following quotation from Plaintiff's Brief: "[W]hen compiling an RFC from the record, an ALJ may not rely on opinions that employ the terms 'moderate' and 'mild' absent additional information." Craig R., 2019 WL 4415531, at *5. However, Plaintiff overstates this proposition. In Craig R., the court evaluated "vague" statements made by a single doctor without any accompanying information. Id. at *5. Plaintiff mischaracterizes a passing line's insistence on non-vague assessments as a categorical ban on two words widely used in assessments like the Examination for Employability Assessment. R. & R. at 19.

Moreover, the ALJ's reliance on these terms were constantly supported by additional information. For instance, when the ALJ relied on Dr. Harding's use of "moderate," Dr. Harding made this evaluation in the context of Plaintiff's ability to perform unskilled work and other criteria related to Plaintiff's functioning. Tr. at 15. The ALJ noted that in making the evaluation, Dr. Harding "cited the findings from the consultative examination" and "had the opportunity to review the entire record." Id. Similarly, Dr. Shapiro's use of the word "moderate" was based on an "examination of the claimant that found her to be cooperative with an adequate manner of relating, social skills and overall presentation," id. at 15. The ALJ also noted that Dr. Shapiro's assessment "was also consistent with the claimant's limited treatment history, as she was seen

for eight visits over the course of twenty months." Thus, the ALJ's reliance on Dr. Shapiro's opinion coincided with other information that supported the use of "moderate." As a result, this objection also fails.

The Court reviews the remaining recommendations to which no objections were filed for clear error and finds none.

## IV.   CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 21) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Plaintiff's Motion for Judgment on the Pleadings (Dkt. No. 16) be **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for Judgment on the Pleadings (Dkt. No. 20) be **GRANTED**; and it is further

**ORDERED**, that the Commissioner's decision denying Plaintiff disability benefits be **AFFIRMED**, and Plaintiff's Complaint be **DISMISSED in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   September 29, 2022
         Albany, New York

LAWRENCE E. KAHN
United States District Judge